**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEALER SUPPORT NETWORK, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>FOUNDATION AUTOMOTIVE<br> CORPORATION and FOUNDATION<br>AUTOMOTIVE US CORPORATION,<br><br>      Defendant. | Case No. _____ |

## NOTICE OF REMOVAL INDEX

In accordance with Local Rule 81.1, Defendant Foundation Automotive Corp., improperly

sued as "Foundation Automotive Corporation," provides the below index of all documents filed in

the state court action.

| Tab | Date | Description |
|---|---|---|
| 1. | 05-21-2026 | Docket Sheet |
| 2. | 02-23-2026 | Original Petition |
| 3. | 03-04-2026 | Foundation Automotive Corporation Citation |
| 4. | 03-04-2026 | Foundation Automotive US Corporation Citation |
| 5. | 03-09-2026 | Return of Service |
| 6. | 03-27-2026 | Foundation Automotive Corporation's Answer |
| 7. | 03-27-2026 | Foundation Automotive US Corporation's Rule 91a Motion to Dismiss |
| 8. | 04-01-2026 | Notices of Schedule Conference Hearing |
| 9. | 04-07-2026 | Notice of Hearing on Rule 91a Motion to Dismiss |

| 10. | 04-28-2026 | Notice of Nonsuit as to Foundation Automotive US Corporation |
| 11. | 05-06-2026 | Notice of Withdrawal of Rule 91a Motion to Dismiss |

Dated: May 22, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*
George G. Robertson
Texas Bar No. 24106352
811 Main Street, Suite 2500
Houston, Texas 77002-5227
Telephone:  (713) 821-7000
Facsimile:  (713) 821-7001
george.robertson@hklaw.com

Jordan T. Koenig
Texas Bar No. 24121702
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone:  214.969.1700
Facsimile:  214.969.1751
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR DEFENDANT**
**FOUNDATION AUTOMOTIVE CORP.**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on counsel for Plaintiff Dealer Support Network, LLC via email and first-class mail on May 22, 2026.

*/s/ Jordan T. Koenig*
Jordan T. Koenig

2

# Tab 1

## Case Information

DC-26-03483 | DEALER SUPPORT NETWORK, LLC vs. FOUNDATION AUTOMOTIVE CORPORATION

Case Number
DC-26-03483

File Date
02/23/2026

Court
162nd District Court

Case Type
OTHER CONTRACT

Judicial Officer
PHIPPS, KIM

Case Status
OPEN

## Party

PLAINTIFF
DEALER SUPPORT NETWORK, LLC

Active Attorneys ▾
Lead Attorney
PARKS, NICHOLAS HUGH
Retained

DEFENDANT
FOUNDATION AUTOMOTIVE CORPORATION

## Events and Hearings

02/23/2026 NEW CASE FILED (OCA) - CIVIL

02/23/2026 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/23/2026 ISSUE CITATION ▼

ISSUE CITATION-FOUNDATION AUTOMOTIVE CORPORATION

ISSUE CITATION-FOUNDATION AUTOMOTIVE US CORPORATION

03/04/2026 CITATION ▼

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
FOUNDATION AUTOMOTIVE CORPORATION

03/04/2026 CITATION ▼

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
FOUNDATION AUTOMOTIVE US CORPORATION

03/27/2026 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

03/27/2026 MOTION - DISMISS ▼

MTN TO DISMISSAL RULE 91 A

Comment
RULE 91 A

04/07/2026 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING - MOTION TO DISMISS

Comment
MOTION TO DISMISS

04/28/2026 NOTICE OF NONSUIT ▼

NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT FOUNDATION AUTOMOTIVE US CORPORATION

Comment
WITHOUT PREJUDICE AS TO DEFENDANT FOUNDATION AUTOMOTIVE US CORPORATION

05/05/2026 MOTION - WITHDRAW MISC ▾

DEFENDANT FOUNDATION AUTOMOTIVE US CORP. S NOTICE OF WITHDRAWAL OF RULE 91a MOTION TO DISMISS

Comment
DEFENDANT FOUNDATION AUTOMOTIVE US CORP. S NOTICE OF WITHDRAWAL OF RULE 91a MOTION TO DISMISS

05/07/2026 Motion - Dismiss ▾

MTN TO DISMISSAL RULE 91 A

NOTICE OF HEARING - MOTION TO DISMISS

Judicial Officer
PHIPPS, KIM

Hearing Time
1:00 PM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

05/07/2026 ORDER - PARTIAL NONSUIT ▾

ORDER OF PARTIAL NONSUIT AS TO FOUNDATION AUTOMOTIVE US CORPORATION

Comment
AS TO FOUNDATION AUTOMOTIVE US CORPORATION

06/08/2026 Scheduling Conference ▾

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

Judicial Officer
PHIPPS, KIM

Hearing Time
2:00 PM

## Financial

DEALER SUPPORT NETWORK, LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $366.00 |
| | Total Payments and Credits | | | $366.00 |
| 2/27/2026 | Transaction Assessment | | | $366.00 |
| 2/27/2026 | CREDIT CARD - TEXFILE (DC) | Receipt # 13495-2026-DCLK | DEALER SUPPORT NETWORK, LLC | ($229.00) |
| 2/27/2026 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION-FOUNDATION AUTOMOTIVE CORPORATION

ISSUE CITATION-FOUNDATION AUTOMOTIVE US CORPORATION

ORIGINAL ANSWER

MTN TO DISMISSAL RULE 91 A

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

162nd SCHEDULING CONF HEARING NOTICE

NOTICE OF HEARING - MOTION TO DISMISS

NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT FOUNDATION AUTOMOTIVE US CORPORATION

DEFENDANT FOUNDATION AUTOMOTIVE US CORP. S NOTICE OF WITHDRAWAL OF RULE 91a MOTION TO DISMISS

ORDER OF PARTIAL NONSUIT AS TO FOUNDATION AUTOMOTIVE US CORPORATION

# Tab 2

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

Case 3:26-cv-01671-E    Document 1-3    Filed 05/22/26    Page 9 of 82    PageID 36

To:    **FOUNDATION AUTOMOTIVE CORPORATION**
**2424 4TH STREET SW #520**
**CALGARY, ALBERTA T2S 2T4**
**CANADA**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **DEALER SUPPORT NETWORK, LLC**

Filed in said Court  **23rd day of February, 2026** against

**FOUNDATION AUTOMOTIVE CORPORATION; FOUNDATION AUTOMOTIVE US CORPORATION**

For Suit, said suit being numbered **DC-26-03483,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 4th day of March, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By_____*Medelin Navarrete*_____, Deputy
**MEDELIN NAVARRETE**

---

ESERVE

# CITATION

No.: **DC-26-03483**

**DEALER SUPPORT NETWORK, LLC**
vs.
**FOUNDATION AUTOMOTIVE CORPORATION et al**

**ISSUED**
**on this the 4th day of March, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**NICHOLAS HUGH PARKS**
**THE PARKS LAW FIRM PC**
**PO BOX 200**
**SHANNON AL  35142**
**(214) 991-2642**
nhparks@gmail.com
DALLAS COUNTY
SERVICE FEES
NOT PAID

FILED
2/23/2026 1:24 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cheryl Watts DEPUTY

2 CIT ES

CAUSE No. **DC-26-03483**

## STATE OF TEXAS

| | | |
|---|---|---|
| Dealer Support Network, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | IN THE DISTRICT COURT OF |
| v. | ) | DALLAS COUNTY |
| | ) | |
| Foundation Automotive Corporation and | ) | **162nd** JUDICIAL DISTRICT |
| | ) | |
| Foundation Automotive US Corporation, | ) | DALLAS COUNTY, TEXAS |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## INITIAL PETITION

COMES NOW Plaintiff, by and through counsel, and files this Initial Petition against Defendants Foundation Automotive Corporation and Foundation Automotive US Corporation (collectively, "Defendants" or "Foundation") and will show the Court as follows:

1. Plaintiff Dealer Support Network, LLC is a Texas limited liability company headquartered in Winnsboro, Wood County, Texas. Plaintiff is organized, owned and managed by Claudia and Jason Poucher, adult residents of Winnsboro, Wood County, Texas.

2. Dealer Support Network, LLC operates under the assumed names "Dealer Support Network" and "THE Search Firm."

3.    Defendant Foundation Automotive Corporation is a foreign corporation, headquartered in Calgary, Alberta, Canada.

4.    Defendant Foundation Automotive US Corporation is a subsidiary of Defendant Foundation Automotive Corporation and a foreign corporation formed in Delaware and headquartered at 211 Highland Cross Drive, Suite 260, Houston, Texas 77073.

5.    The Registered Agent of Defendant Foundation Automotive US Corporation is Corporate Creations Network, Inc., located at 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

6.    Subject to Texas Rule of Civil Procedure 47, Plaintiff estimates their damages are greater than $1,000,000.

7.    Subject to Texas Rule of Civil Procedure 190.3, Plaintiff elects Discovery Control Plan Level 2.

## FACTUAL ALLEGATIONS

8.    DSN and Foundation entered three Buyer's Broker Representation Agreements dated August 2, 2018, September 20, 2018, and January 15, 2020.

9.    The two BBRAs entered into on September 20, 2018 and January 15, 2020 are the Agreements relevant to this lawsuit (collectively, "BBRAs" or "Agreements"). See, *Ex. A, 2018 and 2020 BBRAs*.

10.    The January 15, 2020 BBRA, containing identical terms, was understood by the parties to be an extension to the term of the September 20, 2018 BBRA.

11.    Pursuant to the Agreements, DSN promised to identify potential automobile dealerships ("Targets") for purchase by Foundation. *Id.,* at p.1, 6. Upon the successful completion of

purchase of a Target identified by DSN, Foundation would pay DSN a broker's fee, defined as an Asset Fee. *Id.,* at p.2, 7; ¶5.A.

12. The BBRAs required the payment of an Asset Fee of 5.5% of total sales prices, or a minimum fee of $250,000 and a maximum fee of $1,000,000, per deal, including real estate. *Ibid.*

13. The BBRAs each had a term of one year, after which a twenty-four month Protection Period would apply. The Protection Period was defined as a period of time during which the Asset Fee would become due and payable should Foundation "purchase any interest in a Target (auto dealership) brought to by [DSN]...." *Id.,* at p.3, 8; ¶5.C.

14. The BBRAs required that Buyer and Target, upon signing any "Acquisition Agreement," appoint an escrow agent that was "reasonably acceptable" to DSN, to whom Foundation agreed to provide a complete copy of the BBRAs to escrow agent. *Id.,* at p.3, 8; ¶5.D.

15. The BBRAs further required that the payment of DSN's Asset Fee be provided for in all Acquisition Agreements and Closing documents, "with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow." *Ibid.*

16. The BBRAs provided that the total sales price, "for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including goodwill and/or 'blue sky,' customer sales and/or service lists or files, and any other benefits paid to, afforded or conferred upon the Target..., which are necessary to close the transaction." *Id.,* at p.3, 8; ¶5.E.

17. Between late 2018 and 2021, DSN provided information to Foundation concerning several automobile dealerships located in Wichita Falls, Texas that were for sale (the "Patterson

Dealerships"). The Patterson Dealerships were owned and operated by PT Auto Group, LLC ("PT Auto") and Harry Patterson.

18. Regarding Foundation's potential purchase of the Patterson Dealerships, DSN's President and CEO, Jason Poucher, communicated primarily with Kevin Kutschinski, Foundation's President and CEO, and Charles Kramer, Foundation's Chief Operating Officer and Vice President.

19. DSN assisted with the provision and execution of a Confidentiality Agreement between Foundation and PT Auto in late 2018 or early 2019.

20. DSN assisted with the drafting of a letter of intent expressing Foundation's interest in purchasing the assets of the Patterson Dealerships in early 2019.

21. In early to mid-2019, Foundation represented that it would not be purchasing the Patterson Dealerships, as it had moved on to other transactions.

22. DSN subsequently followed up with additional information regarding the Patterson Dealerships, as well as other potential acquisitions, for the next few years.

23. At no point between mid-2019 and early 2022 did Foundation inform DSN that it had resumed negotiations for purchase of the Patterson Dealerships.

24. On February 23, 2022, Foundation issued a press release informing the public that it had completed the purchase of Patterson Dealerships, purchasing the following Patterson Dealerships: Buick GMC, Cadillac, Hyundai, BMW, Chrysler Dodge Jeep Ram, Kia, an RV dealership, and a used vehicle dealership.

25. On August 30, 2022, Foundation issued another press release, informing the public that it had completed the purchase of a Mercedes-Benz dealership from PT Auto, bringing the total number of dealerships purchased from PT Auto to nine.

26. Upon information and belief, Foundation spent between $60 million and $80 million on the purchases of the Patterson Dealerships, including its acquisition of all real estate necessary to the operation of the dealerships.

27. Foundation never informed DSN of the purchases prior to Closing or its issuance of press releases.

28. Upon information and belief, Foundation failed to include information concerning the BBRAs or the brokers' fees owed to DSN in its acquisition documents.

29. Foundation never made any payment to DSN of the Asset Fees owed pursuant to its purchases of the Patterson Dealerships.

30. Foundation has refused to have any direct communication with DSN since that time.

31. DSN demanded and scheduled mediation on February 17, 2026, but has to date received no response from Foundation.

32. DSN estimates it is owed between $3.85 million and $5.5 million, plus applicable interest, by Foundation, pursuant to the BBRAs.

**CAUSE OF ACTION: BREACH OF CONTRACT**

33. Plaintiff reasserts and incorporates the above paragraphs as if set forth fully herein.

34. Plaintiff and Defendants were party to multiple contracts (BBRAs) during the relevant period of time.

35. Plaintiff performed its obligations under the BBRAs at all times.

36. Defendants breached the contracts when they failed to compensate Plaintiff according to the terms of the BBRAs.

37.    Plaintiff was damaged by Defendants' conduct in an amount estimated to be between $3.85 million and $5.5 million.

38.    Subject to the terms of the Franchise Agreement, Plaintiff is entitled to recover their reasonable and necessary attorneys' fees and costs.

## PRAYER

Plaintiff prays that this Court award all recoverable damages, including compensatory damages, reasonable attorneys' fees and costs, prejudgment and post-judgment interest, and any other relief to which Plaintiff may be entitled.

Dated: February 23, 2026

Respectfully submitted,

/s/ Nicholas H. Parks
Nicholas H. Parks, Esq.

The Parks Law Firm, PC
TX Bar No.:    24058032
The Parks Law Firm, PC
PO Box 200
Shannon, AL 35142
Tel:            214-991-2642
Fax:           214-441-6425
Email:        nhparks@gmail.com

**EXHIBIT A: 2018 and 2020 BBRAs**

## BUYER'S BROKER REPRESENTATION AGREEMENT

This BUYER'S BROKER REPRESENTATION AGREEMENT, entered into on the 20th day of September of 2018, is by and between the following parties:

Buyer:

Name: Foundation Auto Corp c/o Kevin Kutschinski _____ (the "Buyer")
Address: 520, 2424 4th Street SW _____
City, State, Zip: Calgary, AB _____
Phone: C: (403) 990-9908; D: (403) 457-9896  Fax: _____
E-Mail: KevinK@FoundationAuto.com _____

Consultant:

Name: THE Search Firm _____ (the "Consultant")
Address: 471 PR 8556 _____
City, State, Zip: Winnsboro, TX 75494 _____
Phone: (972) 200-3400 _____ Fax: (888) 848-0915 _____
E-Mail: Poucher@AutomotiveBuySell.com _____

WHEREAS, Buyer desires to engage Consultant's services and to grant to Consultant the non-exclusive right to act as Buyer's representative and Consultant in connection with Buyer's possible acquisition of automobile dealerships ("Targets"), through the purchase of assets or equity interests, partnership, or joint venture arrangement, or other arrangements, as well as the acquisition or lease of a Target's related real estate.

WHEREAS, Consultant is willing to provide such services to Buyer pursuant to the terms and conditions contained in this Agreement.

NOW, THEREFORE, for the premises, agreements, terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Buyer and Consultant hereby agree to the following:

1.  Engagement. Buyer hereby engages Consultant to identify Targets that may be available to Buyer to buy-in, buy-out, participate in a partnership arrangement; obtain an assignment or sale of a manufacturer's "Letter of Intent", purchase of assets, acquisition of equity interests, or similar transaction that results in Buyer's ownership or control of the Target's business operations. Buyer acknowledges that Consultant represents other prospective buyers seeking to acquire automobile dealerships that may be of interest to Buyer, and Buyer agrees that Consultant may, during the term of this Agreement and thereafter, represent such other parties and present to the other parties the same Targets that Consultant presents to Buyer. Buyer may also use other Brokers to acquire other dealerships before, during and after the expiration of this agreement.

2.  Representations.

    A.  Each person signing this agreement represents that the person has the legal capacity and authority to bind the respective party to this agreement.

Initialed for Identification by Buyer _KK_ and Consultant _JP_                    Page 1 of 5

## BUYER'S BROKER REPRESENTATION AGREEMENT

B.  Buyer represents that Buyer is not now a party to another buyer or tenant representation agreement with another Consultant for the acquisition of ownership or control of a Target's business operations. Buyer currently is working with other Brokers, but will not engage another Broker on any Target brought to the Buyer by Consultant.

C.  Buyer represents that all information relating to Buyer's ability to acquire ownership or control of a Target's business operations is true and correct.

3.  Competing Buyers. Buyer acknowledges that Consultant may represent other prospective buyers or tenants who may seek to acquire Targets that may be of interest to Buyer. Buyer agrees that Consultant may, during the term of this agreement and after it ends, represent such other prospects, show to the other prospects the same Targets that Consultant shows to Buyer, and act as Consultant for such other prospects in negotiating the acquisition of Targets that Buyer may seek to acquire.

4.  Confidential Information. Buyer agrees that all information supplied to him by Consultant concerning a prospective Target shall be kept strictly confidential, because of its proprietary nature and the possible material harm that the Target could suffer if the information is disclosed. Buyer shall execute and deliver such confidentiality and/or non-disclosure agreements that a Target may reasonably require from Buyer. Consultant may not knowingly disclose information obtained in confidence from Buyer except as authorized by Buyer or required by law. Consultant may not disclose to Buyer any information obtained in confidence regarding any other person Consultant represents or may have represented except as required by law.

5.  Consultant's Fees.

A.  In connection with Buyer's acquiring a Target, Buyer shall pay Consultant a fee of Five and One-Half percent (5.5%) on the total sales price and/or other consideration given for a Target, as described in Section 5.D. hereof, or a minimum flat fee of Two Hundred and Fifty Thousand Dollars ($250,000.00) whichever is greater, and a maximum flat fee of One Million Dollars ($1,000,000.00) whichever is lesser, per deal, including real estate (where applicable) (the "Asset Fee"). This fee will be paid in full and upon closing or as described in Section 5.B. below.

B.  Consultant's Asset Fee shall be identified in any definitive agreement with a Target ("Acquisition Agreement") as payable at any closing thereunder. Buyer shall notify Consultant of the closing related to any Target (a "Closing") upon the determination of the date for such Closing. Consultant's Asset Fee shall be payable in cash or immediately available funds to Consultant upon (i) Closing, (ii) the assumption of management of the Target's business other occupancy of the Target's premises by Buyer, Buyer's assignees or Buyer's representatives (collectively, "Buyer Parties", or individually, a "Buyer Party"), or (iii) pursuant to any other provision of this Agreement. Any money received by a Target or its affiliate, directly or indirectly, from a Buyer Party, shall also be deemed a Closing, and Consultant shall be paid in full at that time all of its Asset Fee.

Initialed for Identification by Buyer_[initials]_ and Consultant_[initials]_                    Page 2 of 5



## BUYER'S BROKER REPRESENTATION AGREEMENT

C. If, during the term of this Agreement or within twenty-four (24) months thereafter (the "Protection Period"), any Buyer Party purchases any interest in a Target brought to by the Consultant or its assets (in whole or in part), or provides management services to a Target, then Buyer agrees to pay to Consultant the Asset Fee under this Agreement. If a manufacturer acquires a Target identified by Consultant and Buyer becomes a partner in or is granted any type of ownership position or opportunity for ownership in such Target's dealership operations within the Protection Period, Consultant shall be entitled to its Asset Fee and payment provisions described above shall apply.

D. When any Acquisition Agreement is signed by both Buyer and a Target, an escrow agent reasonably acceptable to Consultant shall be appointed to receive any deposit required of Buyer under the Acquisition Agreement, and a complete copy of this Agreement will be furnished to such escrow agent. The payment of all of Consultant's Asset Fee shall be provided for in all Acquisition Agreements and the corresponding Closing documents, with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow. If the referenced agreements and documents do not include said information, then Buyer shall be responsible for all compensation owed to Consultant under this Agreement.

E. The total sales price, for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including good will and/or "blue sky," customer sales and/or services lists or files, and any other benefits paid to, afforded or conferred upon the Target; such as, deferred compensation, management, Consultant, or non-compete agreements, payments of any out-of-trust condition, repayment of any loans to the Target or such affiliate, or any other debts paid by Buyer for the benefit of Target, which are necessary to close the transaction.

6. <u>Mediation</u>. The parties agree to negotiate in good faith in an effort to resolve any dispute that may arise related to this Agreement or any transaction related to or contemplated by this Agreement. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator.

7. <u>Default</u>. If either party fails to comply with this Agreement or makes a false representation in this Agreement, the non-complying party is in default. If Buyer is in default, Buyer will be liable for the amount of compensation that Consultant would have received under this Agreement if Buyer was not in default. If Consultant is in default, Buyer may exercise any remedy at law.

8. LIMITATION OF LIABILITY: <u>Neither Consultant nor any other Consultant, or their associates, is responsible or liable for Buyer's personal injuries or for any loss or damage to Buyer's property that is not caused by Consultant. Buyer will hold Consultant, any other Consultant, and their associates, harmless from any such injuries or losses. Buyer will indemnify Consultant against any claims for injury or damage that Buyer may cause to others or their property.</u>

Initialed for Identification by Buyer _____ and Consultant _____

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

**BUYER'S BROKER REPRESENTATION AGREEMENT**



9.    Additional Agreements, Provisions, and Notices.

A.  The covenants, mutual agreements, terms and conditions contained in this Agreement, including, without limitation, Buyer's obligations to pay Consultant its compensation, are binding upon and inure to the benefit of each party's heirs, administrators, executors, successors, and assigns.

B.  If Buyer does not enter into an Acquisition Agreement under this Agreement, but an affiliate of Buyer enters into an Acquisition Agreement with a Target that Consultant brings to Buyer's attention, Consultant will be entitled to all compensation under this Agreement as if Buyer was the acquiring party to such Acquisition Agreement. "Affiliate" means, without limitation, any assignee of Buyer, any family member or relation of Buyer, any officer, director, or partner of Buyer, any entity owned or controlled, in whole or part, by Buyer, and any entity that owns or controls Buyer, in whole or part.

C.  Consultant does not guarantee that Buyer will acquire a Target by entering into this Agreement. However, if Buyer informs a third party about any Target, Buyer will be responsible for Consultant's Asset Fee as provided for herein in the event that the third party, the third party's agent, or someone else who has received the information by reason of Buyer's disclosure, acquires the Target, the Target's business, or real estate related thereto.

D.  Texas law governs the interpretation, validity, performance, and enforcement of this agreement. Venue for any legal proceeding shall lie exclusively in the courts of Dallas, Dallas County, Texas.

E.  If a court finds any clause in this Agreement invalid or unenforceable, the remainder of this Agreement will not be affected and all other provisions of this Agreement will remain valid and enforceable.

F.  If Buyer or Consultant is a prevailing party in any legal proceeding brought as a result of a dispute under this agreement or any transaction related to or contemplated by this agreement, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

G.  Consultant assumes no responsibility for the accuracy, usability, or reliability of any financial statements or other information furnished by or received from any Target its accountants, Consultants, attorneys, representatives, or other sources. Buyer further agrees to indemnify and hold Consultant, its officers, directors, employees, associates, agents, heirs, and family members harmless of any and all claims arising from this Agreement or any Acquisition Agreement.

H.  This Agreement remains in full force and effect until the earlier of (a) ten business days after either party notifies the other party, in writing, that it wishes to terminate this Agreement; or (b) one year from the date hereof. In the event of the termination of this Agreement for any reason, Buyer shall continue to be bound by the terms of Sections 4 and 5.C. above.

Initialed for Identification by Buyer ⎰⎱⎰⎱ and Consultant ⎰⎱    Page 4 of 5

# BUYER'S BROKER REPRESENTATION AGREEMENT

I. This Agreement contains the entire agreement of the parties and may not be changed except by written agreement.

J. Neither party may assign this Agreement without the written consent of the other party.

K. Notices between the parties must be in writing and are effective when sent to the receiving party's address, fax, or e-mail specified in the introductory paragraph of this Agreement.

L. Consultant's fees and fees between Consultants are not fixed, controlled, recommended, or suggested by the Texas Association of REALTORS®, its local affiliates, or any listing service. Consultant's fees are negotiable.

M. Consultant's services are made available without regard to race, color, religion, national origin, sex, disability, or familial status. Local ordinances may provide for additional protected classes.

N. Consultant is not a property inspector, surveyor, engineer, or environmental assessor. Buyer should seek experts to render such services for any property Buyer seeks to acquire.

O. If Buyer purchases property, Buyer should have an abstract covering the property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

P. Consultant cannot give legal advice. This is a legally binding agreement. READ IT CAREFULLY. If you do not understand the effect of this agreement, consult your attorney BEFORE signing.

UNDERSTOOD AND AGREED THIS 20th DAY OF September 2018.

CONSULTANT: THE Search Firm

By: _____
Name: Jason R. Poucher
Title: President/CEO
License No.: 0548320

BUYER: Foundation Auto Corp

By: _____
Name: Kevin Kutschinski
Title: President/CEO

Initialed for Identification by Buyer _____ and Consultant _____

Page 5 of 5

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

DocuSign Envelope ID: 08CB3E4A-359B-447B-B79B-BEBD3409EF93



## BUYER'S BROKER REPRESENTATION AGREEMENT

This BUYER'S BROKER REPRESENTATION AGREEMENT, entered into on the 16th day of January of 2020, is by and between the following parties:

Buyer:

Name: Foundation Auto Corp c/o Charles H. Kramer Jr. _____ (the "Buyer")
Address: 520, 2424 4th Street SW
City, State, Zip: Calgary, AB
Phone: C: (832) 519-6338 _____ Fax: _____
E-Mail: chuckk@foundationauto.com

Consultant:

Name: THE Search Firm _____ (the "Consultant")
Address: 471 PR 8556
City, State, Zip: Winnsboro, TX 75494
Phone: (972) 200-3400 _____ Fax: (888) 848-0915
E-Mail: Poucher@AutomotiveBuySell.com

WHEREAS, Buyer desires to engage Consultant's services and to grant to Consultant the non-exclusive right to act as Buyer's representative and Consultant in connection with Buyer's possible acquisition of automobile dealerships ("Targets"), through the purchase of assets or equity interests, partnership, or joint venture arrangement, or other arrangements, as well as the acquisition or lease of a Target's related real estate.

WHEREAS, Consultant is willing to provide such services to Buyer pursuant to the terms and conditions contained in this Agreement.

NOW, THEREFORE, for the premises, agreements, terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Buyer and Consultant hereby agree to the following:

1. **Engagement.** Buyer hereby engages Consultant to identify Targets that may be available to Buyer to buy-in, buy-out, participate in a partnership arrangement; obtain an assignment or sale of a manufacturer's "Letter of Intent", purchase of assets, acquisition of equity interests, or similar transaction that results in Buyer's ownership or control of the Target's business operations. Buyer acknowledges that Consultant represents other prospective buyers seeking to acquire automobile dealerships that may be of interest to Buyer, and Buyer agrees that Consultant may, during the term of this Agreement and thereafter, represent such other parties and present to the other parties the same Targets that Consultant presents to Buyer. Buyer may also use other Brokers to acquire other dealerships before, during and after the expiration of this agreement.

2. **Representations.**

    A. Each person signing this agreement represents that the person has the legal capacity and authority to bind the respective party to this agreement.

Initialed for Identification by Buyer _____ and Consultant _____ JRP

Page 1 of 5

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

## BUYER'S BROKER REPRESENTATION AGREEMENT

B. .Buyer represents that Buyer is not now a party to another buyer or tenant representation agreement with another Consultant for the acquisition of ownership or control of a Target's business operations. Buyer currently is working with other Brokers, but will not engage another Broker on any Target brought to the Buyer by Consultant.

C. Buyer represents that all information relating to Buyer's ability to acquire ownership or control of a Target's business operations is true and correct.

3. Competing Buyers. Buyer acknowledges that Consultant may represent other prospective buyers or tenants who may seek to acquire Targets that may be of interest to Buyer. Buyer agrees that Consultant may, during the term of this agreement and after it ends, represent such other prospects, show to the other prospects the same Targets that Consultant shows to Buyer, and act as Consultant for such other prospects in negotiating the acquisition of Targets that Buyer may seek to acquire.

4. Confidential Information. Buyer agrees that all information supplied to him by Consultant concerning a prospective Target shall be kept strictly confidential, because of its proprietary nature and the possible material harm that the Target could suffer if the information is disclosed. Buyer shall execute and deliver such confidentiality and/or non-disclosure agreements that a Target may reasonably require from Buyer. Consultant may not knowingly disclose information obtained in confidence from Buyer except as authorized by Buyer or required by law. Consultant may not disclose to Buyer any information obtained in confidence regarding any other person Consultant represents or may have represented except as required by law.

5. Consultant's Fees.

A. In connection with Buyer's acquiring a Target, Buyer shall pay Consultant a fee of Five and One-Half percent (5.5%) on the total sales price and/or other consideration given for a Target, as described in Section 5.D. hereof, or a minimum flat fee of Two Hundred and Fifty Thousand Dollars ($250,000.00) whichever is greater, and a maximum flat fee of One Million Dollars ($1,000,000.00) whichever is lesser, per deal, including real estate (where applicable) (the "Asset Fee"). This fee will be paid in full and upon closing or as described in Section 5.B. below.

B. Consultant's Asset Fee shall be identified in any definitive agreement with a Target ("Acquisition Agreement") as payable at any closing thereunder. Buyer shall notify Consultant of the closing related to any Target (a "Closing") upon the determination of the date for such Closing. Consultant's Asset Fee shall be payable in cash or immediately available funds to Consultant upon (i) Closing, (ii) the assumption of management of the Target's business other occupancy of the Target's premises by Buyer, Buyer's assignees or Buyer's representatives (collectively, "Buyer Parties", or individually, a "Buyer Party"), or (iii) pursuant to any other provision of this Agreement. Any money received by a Target or its affiliate, directly or indirectly, from a Buyer Party, shall also be deemed a Closing, and Consultant shall be paid in full at that time all of its Asset Fee.

Initialed for Identification by Buyer _____ and Consultant _____ *JRP*

Page 2 of 5

## BUYER'S BROKER REPRESENTATION AGREEMENT

C. If, during the term of this Agreement or within twenty-four (24) months thereafter (the "Protection Period"), any Buyer Party purchases any interest in a Target brought to by the Consultant or its assets (in whole or in part), or provides management services to a Target, then Buyer agrees to pay to Consultant the Asset Fee under this Agreement. If a manufacturer acquires a Target identified by Consultant and Buyer becomes a partner in or is granted any type of ownership position or opportunity for ownership in such Target's dealership operations within the Protection Period, Consultant shall be entitled to its Asset Fee and payment provisions described above shall apply.

D. When any Acquisition Agreement is signed by both Buyer and a Target, an escrow agent reasonably acceptable to Consultant shall be appointed to receive any deposit required of Buyer under the Acquisition Agreement, and a complete copy of this Agreement will be furnished to such escrow agent. The payment of all of Consultant's Asset Fee shall be provided for in all Acquisition Agreements and the corresponding Closing documents, with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow. If the referenced agreements and documents do not include said information, then Buyer shall be responsible for all compensation owed to Consultant under this Agreement.

E. The total sales price, for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including good will and/or "blue sky," customer sales and/or services lists or files, and any other benefits paid to, afforded or conferred upon the Target; such as, deferred compensation, management, Consultant, or non-compete agreements, payments of any out-of-trust condition, repayment of any loans to the Target or such affiliate, or any other debts paid by Buyer for the benefit of Target, which are necessary to close the transaction.

6. <u>Mediation</u>. The parties agree to negotiate in good faith in an effort to resolve any dispute that may arise related to this Agreement or any transaction related to or contemplated by this Agreement. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator.

7. <u>Default</u>. If either party fails to comply with this Agreement or makes a false representation in this Agreement, the non-complying party is in default. If Buyer is in default, Buyer will be liable for the amount of compensation that Consultant would have received under this Agreement if Buyer was not in default. If Consultant is in default, Buyer may exercise any remedy at law.

8. **LIMITATION OF LIABILITY: <u>Neither Consultant nor any other Consultant, or their associates, is responsible or liable for Buyer's personal injuries or for any loss or damage to Buyer's property that is not caused by Consultant. Buyer will hold Consultant, any other Consultant, and their associates, harmless from any such injuries or losses. Buyer will indemnify Consultant against any claims for injury or damage that Buyer may cause to others or their property.</u>**

Initialed for Identification by Buyer _____ and Consultant _____ *JRP*

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

DocuSign Envelope ID: 08CB2E4A-359B-447B-B79B-BEBD3409EF92



## BUYER'S BROKER REPRESENTATION AGREEMENT

9.   Additional Agreements, Provisions, and Notices.

A. The covenants, mutual agreements, terms and conditions contained in this Agreement, including, without limitation, Buyer's obligations to pay Consultant its compensation, are binding upon and inure to the benefit of each party's heirs, administrators, executors, successors, and assigns.

B. If Buyer does not enter into an Acquisition Agreement under this Agreement, but an affiliate of Buyer enters into an Acquisition Agreement with a Target that Consultant brings to Buyer's attention, Consultant will be entitled to all compensation under this Agreement as if Buyer was the acquiring party to such Acquisition Agreement. "Affiliate" means, without limitation, any assignee of Buyer, any family member or relation of Buyer, any officer, director, or partner of Buyer, any entity owned or controlled, in whole or part, by Buyer, and any entity that owns or controls Buyer, in whole or part.

C. Consultant does not guarantee that Buyer will acquire a Target by entering into this Agreement. However, if Buyer informs a third party about any Target, Buyer will be responsible for Consultant's Asset Fee as provided for herein in the event that the third party, the third party's agent, or someone else who has received the information by reason of Buyer's disclosure, acquires the Target, the Target's business, or real estate related thereto.

D. Texas law governs the interpretation, validity, performance, and enforcement of this agreement. Venue for any legal proceeding shall lie exclusively in the courts of Dallas, Dallas County, Texas.

E. If a court finds any clause in this Agreement invalid or unenforceable, the remainder of this Agreement will not be affected and all other provisions of this Agreement will remain valid and enforceable.

F. If Buyer or Consultant is a prevailing party in any legal proceeding brought as a result of a dispute under this agreement or any transaction related to or contemplated by this agreement, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

G. Consultant assumes no responsibility for the accuracy, usability, or reliability of any financial statements or other information furnished by or received from any Target its accountants, Consultants, attorneys, representatives, or other sources. Buyer further agrees to indemnify and hold Consultant, its officers, directors, employees, associates, agents, heirs, and family members harmless of any and all claims arising from this Agreement or any Acquisition Agreement.

H. This Agreement remains in full force and effect until the earlier of (a) ten business days after either party notifies the other party, in writing, that it wishes to terminate this Agreement; or (b) one year from the date hereof. In the event of the termination of this Agreement for any reason, Buyer shall continue to be bound by the terms of Sections 4 and 5.C. above.

Initialed for Identification by Buyer _____ and Consultant _____ _JRP_    Page 4 of 5

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915



## BUYER'S BROKER REPRESENTATION AGREEMENT

I. This Agreement contains the entire agreement of the parties and may not be changed except by written agreement.

J. Neither party may assign this Agreement without the written consent of the other party.

K. Notices between the parties must be in writing and are effective when sent to the receiving party's address, fax, or e-mail specified in the introductory paragraph of this Agreement.

L. Consultant's fees and fees between Consultants are not fixed, controlled, recommended, or suggested by the Texas Association of REALTORS®, its local affiliates, or any listing service. Consultant's fees are negotiable.

M. Consultant's services are made available without regard to race, color, religion, national origin, sex, disability, or familial status. Local ordinances may provide for additional protected classes.

N. Consultant is not a property inspector, surveyor, engineer, or environmental assessor. Buyer should seek experts to render such services for any property Buyer seeks to acquire.

O. If Buyer purchases property, Buyer should have an abstract covering the property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

P. Consultant cannot give legal advice. This is a legally binding agreement. READ IT CAREFULLY. If you do not understand the effect of this agreement, consult your attorney BEFORE signing.

UNDERSTOOD AND AGREED THIS __15__ DAY OF _January_ 2020.

CONSULTANT: THE Search Firm                    BUYER: Foundation Auto Corp

By: _Jason Rey Poucher_                          By: _[signature]_
Name: Jason R. Poucher                           Name: Charles H. Kramer Jr.
Title: President/CEO                              Title: Chief Operating Officer/Vice President
License No.: 0548320

Initialed for Identification by Buyer ____ and Consultant ____ JRP

Page 5 of 5

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

# Tab 3

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To: **FOUNDATION AUTOMOTIVE CORPORATION**
**2424 4TH STREET SW #520**
**CALGARY, ALBERTA T2S 2T4**
**CANADA**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **DEALER SUPPORT NETWORK, LLC**

Filed in said Court **23rd day of February, 2026** against

**FOUNDATION AUTOMOTIVE CORPORATION; FOUNDATION AUTOMOTIVE US CORPORATION**

For Suit, said suit being numbered **DC-26-03483,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 4th day of March, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas



By_____*Medelin Navarrete*_____, Deputy
**MEDELIN NAVARRETE**

ESERVE

# CITATION

No.: **DC-26-03483**

**DEALER SUPPORT NETWORK, LLC**
**vs.**
**FOUNDATION AUTOMOTIVE**
**CORPORATION et al**

**ISSUED**
**on this the 4th day of March, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**NICHOLAS HUGH PARKS**
**THE PARKS LAW FIRM PC**
**PO BOX 200**
**SHANNON AL 35142**
**(214) 991-2642**
nhparks@gmail.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Case 3:26-cv-01671-E Document 1-3 Filed 04/22/26 Page 27 of 82 PageID 54

# OFFICER'S RETURN

Cause No. DC-26-03483

Court No.: 162nd District Court

Style: DEALER SUPPORT NETWORK, LLC
vs.
FOUNDATION AUTOMOTIVE CORPORATION et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:     To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# Tab 4

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To:  **FOUNDATION AUTOMOTIVE US CORPORATION**
**BY SERVING ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK, INC**
**2595 N. DALLAS PARKWAY STE 350**
**FRISCO, TX 75034**

**ESERVE**

## CITATION

No.: **DC-26-03483**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **DEALER SUPPORT NETWORK, LLC**

Filed in said Court  **23rd day of February, 2026** against

**FOUNDATION AUTOMOTIVE CORPORATION; FOUNDATION AUTOMOTIVE US CORPORATION**

For Suit, said suit being numbered **DC-26-03483,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 4th day of March, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Medelin Navarrete_____, Deputy
**MEDELIN NAVARRETE**

**DEALER SUPPORT NETWORK, LLC**
**vs.**
**FOUNDATION AUTOMOTIVE**
**CORPORATION et al**

**ISSUED**
**on this the 4th day of March, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**NICHOLAS HUGH PARKS**
**THE PARKS LAW FIRM PC**
**PO BOX 200**
**SHANNON AL  35142**
**(214) 991-2642**
nhparks@gmail.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-26-03483

Court No.: 162nd District Court

Style: DEALER SUPPORT NETWORK, LLC
vs.
FOUNDATION AUTOMOTIVE CORPORATION et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:     To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# Tab 5



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Foundation Automotive US Corp.                                    March 09, 2026
Mike McMeeken
Foundation Automotive Corp.
211 Highland Cross Drive, Suite 260
Houston TX 77073
United States

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2026-12G

| 1. | **Entity Served:** | Foundation Automotive US Corp. |
|---|---|---|
| 2. | **Title of Action:** | Dealer Support Network LLC vs. Foundation Automotive Corporation and Foundation Automotive US Corporation |
| 3. | **Document(s) Served:** | Citation<br>Initial Petition<br>Exhibit A |
| 4. | **Court/Agency:** | Dallas County 162nd Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | DC-26-03483 |
| 7. | **Case Type:** | Breach of Contract |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 03/09/2026 |
| 10. | **Date to Client:** | Monday 03/09/2026 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | The Parks Law Firm<br>Shannon, AL<br>214-991-2642 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To: **FOUNDATION AUTOMOTIVE US CORPORATION**
**BY SERVING ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK, INC**
**2595 N. DALLAS PARKWAY STE 350**
**FRISCO, TX 75034**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **DEALER SUPPORT NETWORK, LLC**

Filed in said Court **23rd day of February, 2026** against

**FOUNDATION AUTOMOTIVE CORPORATION; FOUNDATION AUTOMOTIVE US CORPORATION**

For Suit, said suit being numbered **DC-26-03483,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 4th day of March, 2026**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Medelin Navarrete_ , Deputy
**MEDELIN NAVARRETE**



**ESERVE**

# CITATION

No.: <u>DC-26-03483</u>

<u>**DEALER SUPPORT NETWORK, LLC**</u>
<u>vs.</u>
<u>**FOUNDATION AUTOMOTIVE**</u>
<u>**CORPORATION et al**</u>

**ISSUED**
**on this the 4th day of March, 2026**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: <u>**MEDELIN NAVARRETE**</u>, Deputy

**Attorney for Plaintiff**
**NICHOLAS HUGH PARKS**
**THE PARKS LAW FIRM PC**
**PO BOX 200**
**SHANNON AL 35142**
**(214) 991-2642**
nhparks@gmail.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

Case 3:26-cv-01671-E   Document 1-3   Filed 05/22/26   Page 34 of 82   PageID 61

FILED
2/23/2026 1:24 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Cheryl Watts DEPUTY

2 CIT ES

CAUSE No. <u>DC-26-03483</u>

### STATE OF TEXAS

| | |
|---|---|
| Dealer Support Network, LLC,       ) | |
|     ) | |
| Plaintiff,    ) | |
|     ) | IN THE DISTRICT COURT OF |
|     ) | DALLAS COUNTY |
| v.    ) | |
|     ) | <u>162nd</u> JUDICIAL DISTRICT |
| Foundation Automotive Corporation and  ) | |
|     ) | DALLAS COUNTY, TEXAS |
| Foundation Automotive US Corporation,  ) | |
|     ) | |
|     ) | |
| Defendants    ) | |
|     ) | |

### INITIAL PETITION

COMES NOW Plaintiff, by and through counsel, and files this Initial Petition against Defendants Foundation Automotive Corporation and Foundation Automotive US Corporation (collectively, "Defendants" or "Foundation") and will show the Court as follows:

1.  Plaintiff Dealer Support Network, LLC is a Texas limited liability company headquartered in Winnsboro, Wood County, Texas. Plaintiff is organized, owned and managed by Claudia and Jason Poucher, adult residents of Winnsboro, Wood County, Texas.

2.  Dealer Support Network, LLC operates under the assumed names "Dealer Support Network" and "THE Search Firm."

3. Defendant Foundation Automotive Corporation is a foreign corporation, headquartered in Calgary, Alberta, Canada.

4. Defendant Foundation Automotive US Corporation is a subsidiary of Defendant Foundation Automotive Corporation and a foreign corporation formed in Delaware and headquartered at 211 Highland Cross Drive, Suite 260, Houston, Texas 77073.

5. The Registered Agent of Defendant Foundation Automotive US Corporation is Corporate Creations Network, Inc., located at 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

6. Subject to Texas Rule of Civil Procedure 47, Plaintiff estimates their damages are greater than $1,000,000.

7. Subject to Texas Rule of Civil Procedure 190.3, Plaintiff elects Discovery Control Plan Level 2.

## FACTUAL ALLEGATIONS

8. DSN and Foundation entered three Buyer's Broker Representation Agreements dated August 2, 2018, September 20, 2018, and January 15, 2020.

9. The two BBRAs entered into on September 20, 2018 and January 15, 2020 are the Agreements relevant to this lawsuit (collectively, "BBRAs" or "Agreements"). See, *Ex. A, 2018 and 2020 BBRAs*.

10. The January 15, 2020 BBRA, containing identical terms, was understood by the parties to be an extension to the term of the September 20, 2018 BBRA.

11. Pursuant to the Agreements, DSN promised to identify potential automobile dealerships ("Targets") for purchase by Foundation. *Id.,* at p.1, 6. Upon the successful completion of

purchase of a Target identified by DSN, Foundation would pay DSN a broker's fee, defined as an Asset Fee. *Id.,* at p.2, 7; ¶5.A.

12. The BBRAs required the payment of an Asset Fee of 5.5% of total sales prices, or a minimum fee of $250,000 and a maximum fee of $1,000,000, per deal, including real estate. *Ibid.*

13. The BBRAs each had a term of one year, after which a twenty-four month Protection Period would apply. The Protection Period was defined as a period of time during which the Asset Fee would become due and payable should Foundation "purchase any interest in a Target (auto dealership) brought to by [DSN]...." *Id.,* at p.3, 8; ¶5.C.

14. The BBRAs required that Buyer and Target, upon signing any "Acquisition Agreement," appoint an escrow agent that was "reasonably acceptable" to DSN, to whom Foundation agreed to provide a complete copy of the BBRAs to escrow agent. *Id.,* at p.3, 8; ¶5.D.

15. The BBRAs further required that the payment of DSN's Asset Fee be provided for in all Acquisition Agreements and Closing documents, "with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow." *Ibid.*

16. The BBRAs provided that the total sales price, "for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including goodwill and/or 'blue sky,' customer sales and/or service lists or files, and any other benefits paid to, afforded or conferred upon the Target..., which are necessary to close the transaction." *Id.,* at p.3, 8; ¶5.E.

17. Between late 2018 and 2021, DSN provided information to Foundation concerning several automobile dealerships located in Wichita Falls, Texas that were for sale (the "Patterson

Dealerships"). The Patterson Dealerships were owned and operated by PT Auto Group, LLC ("PT Auto") and Harry Patterson.

18. Regarding Foundation's potential purchase of the Patterson Dealerships, DSN's President and CEO, Jason Poucher, communicated primarily with Kevin Kutschinski, Foundation's President and CEO, and Charles Kramer, Foundation's Chief Operating Officer and Vice President.

19. DSN assisted with the provision and execution of a Confidentiality Agreement between Foundation and PT Auto in late 2018 or early 2019.

20. DSN assisted with the drafting of a letter of intent expressing Foundation's interest in purchasing the assets of the Patterson Dealerships in early 2019.

21. In early to mid-2019, Foundation represented that it would not be purchasing the Patterson Dealerships, as it had moved on to other transactions.

22. DSN subsequently followed up with additional information regarding the Patterson Dealerships, as well as other potential acquisitions, for the next few years.

23. At no point between mid-2019 and early 2022 did Foundation inform DSN that it had resumed negotiations for purchase of the Patterson Dealerships.

24. On February 23, 2022, Foundation issued a press release informing the public that it had completed the purchase of Patterson Dealerships, purchasing the following Patterson Dealerships: Buick GMC, Cadillac, Hyundai, BMW, Chrysler Dodge Jeep Ram, Kia, an RV dealership, and a used vehicle dealership.

25. On August 30, 2022, Foundation issued another press release, informing the public that it had completed the purchase of a Mercedes-Benz dealership from PT Auto, bringing the total number of dealerships purchased from PT Auto to nine.

26. Upon information and belief, Foundation spent between \$60 million and \$80 million on the purchases of the Patterson Dealerships, including its acquisition of all real estate necessary to the operation of the dealerships.

27. Foundation never informed DSN of the purchases prior to Closing or its issuance of press releases.

28. Upon information and belief, Foundation failed to include information concerning the BBRAs or the brokers' fees owed to DSN in its acquisition documents.

29. Foundation never made any payment to DSN of the Asset Fees owed pursuant to its purchases of the Patterson Dealerships.

30. Foundation has refused to have any direct communication with DSN since that time.

31. DSN demanded and scheduled mediation on February 17, 2026, but has to date received no response from Foundation.

32. DSN estimates it is owed between \$3.85 million and \$5.5 million, plus applicable interest, by Foundation, pursuant to the BBRAs.

## CAUSE OF ACTION: BREACH OF CONTRACT

33. Plaintiff reasserts and incorporates the above paragraphs as if set forth fully herein.

34. Plaintiff and Defendants were party to multiple contracts (BBRAs) during the relevant period of time.

35. Plaintiff performed its obligations under the BBRAs at all times.

36. Defendants breached the contracts when they failed to compensate Plaintiff according to the terms of the BBRAs.

37.    Plaintiff was damaged by Defendants' conduct in an amount estimated to be between $3.85 million and $5.5 million.

38.    Subject to the terms of the Franchise Agreement, Plaintiff is entitled to recover their reasonable and necessary attorneys' fees and costs.

## PRAYER

Plaintiff prays that this Court award all recoverable damages, including compensatory damages, reasonable attorneys' fees and costs, prejudgment and post-judgment interest, and any other relief to which Plaintiff may be entitled.

Dated: February 23, 2026

Respectfully submitted,

/s/ Nicholas H. Parks
Nicholas H. Parks, Esq.

The Parks Law Firm, PC
TX Bar No.:    24058032
The Parks Law Firm, PC
PO Box 200
Shannon, AL 35142
Tel:          214-991-2642
Fax:          214-441-6425
Email:        nhparks@gmail.com

**EXHIBIT A: 2018 and 2020 BBRAs**

## BUYER'S BROKER REPRESENTATION AGREEMENT

This BUYER'S BROKER REPRESENTATION AGREEMENT, entered into on the 20th day of September of 2018, is by and between the following parties:

Buyer:

Name: Foundation Auto Corp c/o Kevin Kutschinski _____ (the "Buyer")
Address: 520, 2424 4th Street SW _____
City, State, Zip: Calgary, AB _____
Phone: C: (403) 990-9908; D: (403) 457-9896  Fax: _____
E-Mail: KevinK@FoundationAuto.com _____

Consultant:

Name: THE Search Firm _____ (the "Consultant")
Address: 471 PR 8556 _____
City, State, Zip: Winnsboro, TX 75494 _____
Phone: (972) 200-3400 _____ Fax: (888) 848-0915 _____
E-Mail: Poucher@AutomotiveBuySell.com _____

WHEREAS, Buyer desires to engage Consultant's services and to grant to Consultant the non-exclusive right to act as Buyer's representative and Consultant in connection with Buyer's possible acquisition of automobile dealerships ("Targets"), through the purchase of assets or equity interests, partnership, or joint venture arrangement, or other arrangements, as well as the acquisition or lease of a Target's related real estate.

WHEREAS, Consultant is willing to provide such services to Buyer pursuant to the terms and conditions contained in this Agreement.

NOW, THEREFORE, for the premises, agreements, terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Buyer and Consultant hereby agree to the following:

1. Engagement. Buyer hereby engages Consultant to identify Targets that may be available to Buyer to buy-in, buy-out, participate in a partnership arrangement; obtain an assignment or sale of a manufacturer's "Letter of Intent", purchase of assets, acquisition of equity interests, or similar transaction that results in Buyer's ownership or control of the Target's business operations. Buyer acknowledges that Consultant represents other prospective buyers seeking to acquire automobile dealerships that may be of interest to Buyer, and Buyer agrees that Consultant may, during the term of this Agreement and thereafter, represent such other parties and present to the other parties the same Targets that Consultant presents to Buyer. Buyer may also use other Brokers to acquire other dealerships before, during and after the expiration of this agreement.

2. Representations.

    A. Each person signing this agreement represents that the person has the legal capacity and authority to bind the respective party to this agreement.

Initialed for Identification by Buyer _KU_ and Consultant _JP_                     Page 1 of 5

## BUYER'S BROKER REPRESENTATION AGREEMENT

B. Buyer represents that Buyer is not now a party to another buyer or tenant representation agreement with another Consultant for the acquisition of ownership or control of a Target's business operations. Buyer currently is working with other Brokers, but will not engage another Broker on any Target brought to the Buyer by Consultant.

C. Buyer represents that all information relating to Buyer's ability to acquire ownership or control of a Target's business operations is true and correct.

3. **Competing Buyers**. Buyer acknowledges that Consultant may represent other prospective buyers or tenants who may seek to acquire Targets that may be of interest to Buyer. Buyer agrees that Consultant may, during the term of this agreement and after it ends, represent such other prospects, show to the other prospects the same Targets that Consultant shows to Buyer, and act as Consultant for such other prospects in negotiating the acquisition of Targets that Buyer may seek to acquire.

4. **Confidential Information**. Buyer agrees that all information supplied to him by Consultant concerning a prospective Target shall be kept strictly confidential, because of its proprietary nature and the possible material harm that the Target could suffer if the information is disclosed. Buyer shall execute and deliver such confidentiality and/or non-disclosure agreements that a Target may reasonably require from Buyer. Consultant may not knowingly disclose information obtained in confidence from Buyer except as authorized by Buyer or required by law. Consultant may not disclose to Buyer any information obtained in confidence regarding any other person Consultant represents or may have represented except as required by law.

5. **Consultant's Fees**.

A. In connection with Buyer's acquiring a Target, Buyer shall pay Consultant a fee of Five and One-Half percent (5.5%) on the total sales price and/or other consideration given for a Target, as described in Section 5.D. hereof, or a minimum flat fee of Two Hundred and Fifty Thousand Dollars ($250,000.00) whichever is greater, and a maximum flat fee of One Million Dollars ($1,000,000.00) whichever is lesser, per deal, including real estate (where applicable) (the "Asset Fee"). This fee will be paid in full and upon closing or as described in Section 5.B. below.

B. Consultant's Asset Fee shall be identified in any definitive agreement with a Target ("Acquisition Agreement") as payable at any closing thereunder. Buyer shall notify Consultant of the closing related to any Target (a "Closing") upon the determination of the date for such Closing. Consultant's Asset Fee shall be payable in cash or immediately available funds to Consultant upon (i) Closing, (ii) the assumption of management of the Target's business other occupancy of the Target's premises by Buyer, Buyer's assignees or Buyer's representatives (collectively, "Buyer Parties", or individually, a "Buyer Party"), or (iii) pursuant to any other provision of this Agreement. Any money received by a Target or its affiliate, directly or indirectly, from a Buyer Party, shall also be deemed a Closing, and Consultant shall be paid in full at that time all of its Asset Fee.

Initialed for Identification by Buyer _GA_ and Consultant _JP_    Page 2 of 5



## BUYER'S BROKER REPRESENTATION AGREEMENT

C. If, during the term of this Agreement or within twenty-four (24) months thereafter (the "Protection Period"), any Buyer Party purchases any interest in a Target brought to by the Consultant or its assets (in whole or in part), or provides management services to a Target, then Buyer agrees to pay to Consultant the Asset Fee under this Agreement. If a manufacturer acquires a Target identified by Consultant and Buyer becomes a partner in or is granted any type of ownership position or opportunity for ownership in such Target's dealership operations within the Protection Period, Consultant shall be entitled to its Asset Fee and payment provisions described above shall apply.

D. When any Acquisition Agreement is signed by both Buyer and a Target, an escrow agent reasonably acceptable to Consultant shall be appointed to receive any deposit required of Buyer under the Acquisition Agreement, and a complete copy of this Agreement will be furnished to such escrow agent. The payment of all of Consultant's Asset Fee shall be provided for in all Acquisition Agreements and the corresponding Closing documents, with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow. If the referenced agreements and documents do not include said information, then Buyer shall be responsible for all compensation owed to Consultant under this Agreement.

E. The total sales price, for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including good will and/or "blue sky," customer sales and/or services lists or files, and any other benefits paid to, afforded or conferred upon the Target; such as, deferred compensation, management, Consultant, or non-compete agreements, payments of any out-of-trust condition, repayment of any loans to the Target or such affiliate, or any other debts paid by Buyer for the benefit of Target, which are necessary to close the transaction.

6. <u>Mediation</u>. The parties agree to negotiate in good faith in an effort to resolve any dispute that may arise related to this Agreement or any transaction related to or contemplated by this Agreement. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator.

7. <u>Default</u>. If either party fails to comply with this Agreement or makes a false representation in this Agreement, the non-complying party is in default. If Buyer is in default, Buyer will be liable for the amount of compensation that Consultant would have received under this Agreement if Buyer was not in default. If Consultant is in default, Buyer may exercise any remedy at law.

8. **LIMITATION OF LIABILITY: <u>Neither Consultant nor any other Consultant, or their associates, is responsible or liable for Buyer's personal injuries or for any loss or damage to Buyer's property that is not caused by Consultant. Buyer will hold Consultant, any other Consultant, and their associates, harmless from any such injuries or losses. Buyer will indemnify Consultant against any claims for injury or damage that Buyer may cause to others or their property.</u>**

Initialed for Identification by Buyer _DW_ and Consultant _AP_    Page 3 of 5

**BUYER'S BROKER REPRESENTATION AGREEMENT**

9.   Additional Agreements, Provisions, and Notices.

A. The covenants, mutual agreements, terms and conditions contained in this Agreement, including, without limitation, Buyer's obligations to pay Consultant its compensation, are binding upon and inure to the benefit of each party's heirs, administrators, executors, successors, and assigns.

B. If Buyer does not enter into an Acquisition Agreement under this Agreement, but an affiliate of Buyer enters into an Acquisition Agreement with a Target that Consultant brings to Buyer's attention, Consultant will be entitled to all compensation under this Agreement as if Buyer was the acquiring party to such Acquisition Agreement. "Affiliate" means, without limitation, any assignee of Buyer, any family member or relation of Buyer, any officer, director, or partner of Buyer, any entity owned or controlled, in whole or part, by Buyer, and any entity that owns or controls Buyer, in whole or part.

C. Consultant does not guarantee that Buyer will acquire a Target by entering into this Agreement. However, if Buyer informs a third party about any Target, Buyer will be responsible for Consultant's Asset Fee as provided for herein in the event that the third party, the third party's agent, or someone else who has received the information by reason of Buyer's disclosure, acquires the Target, the Target's business, or real estate related thereto.

D. Texas law governs the interpretation, validity, performance, and enforcement of this agreement. Venue for any legal proceeding shall lie exclusively in the courts of Dallas, Dallas County, Texas.

E. If a court finds any clause in this Agreement invalid or unenforceable, the remainder of this Agreement will not be affected and all other provisions of this Agreement will remain valid and enforceable.

F. If Buyer or Consultant is a prevailing party in any legal proceeding brought as a result of a dispute under this agreement or any transaction related to or contemplated by this agreement, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

G. Consultant assumes no responsibility for the accuracy, usability, or reliability of any financial statements or other information furnished by or received from any Target its accountants, Consultants, attorneys, representatives, or other sources. Buyer further agrees to indemnify and hold Consultant, its officers, directors, employees, associates, agents, heirs, and family members harmless of any and all claims arising from this Agreement or any Acquisition Agreement.

H. This Agreement remains in full force and effect until the earlier of (a) ten business days after either party notifies the other party, in writing, that it wishes to terminate this Agreement; or (b) one year from the date hereof. In the event of the termination of this Agreement for any reason, Buyer shall continue to be bound by the terms of Sections 4 and 5.C. above.

Initialed for Identification by Buyer ___ and Consultant ___                                    Page 4 of 5



## BUYER'S BROKER REPRESENTATION AGREEMENT

I.  This Agreement contains the entire agreement of the parties and may not be changed except by written agreement.

J.  Neither party may assign this Agreement without the written consent of the other party.

K.  Notices between the parties must be in writing and are effective when sent to the receiving party's address, fax, or e-mail specified in the introductory paragraph of this Agreement.

L.  Consultant's fees and fees between Consultants are not fixed, controlled, recommended, or suggested by the Texas Association of REALTORS®, its local affiliates, or any listing service. Consultant's fees are negotiable.

M.  Consultant's services are made available without regard to race, color, religion, national origin, sex, disability, or familial status. Local ordinances may provide for additional protected classes.

N.  Consultant is not a property inspector, surveyor, engineer, or environmental assessor. Buyer should seek experts to render such services for any property Buyer seeks to acquire.

O.  If Buyer purchases property, Buyer should have an abstract covering the property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

P.  Consultant cannot give legal advice. This is a legally binding agreement. READ IT CAREFULLY. If you do not understand the effect of this agreement, consult your attorney BEFORE signing.

UNDERSTOOD AND AGREED THIS 20th DAY OF September 2018.

CONSULTANT: THE Search Firm                    BUYER: Foundation Auto Corp

By: _____                 By: _____
Name: Jason R. Poucher                         Name: Kevin Kutschinski
Title: President/CEO                           Title: President/CEO
License No.: 0548320

Initialed for Identification by Buyer KAU and Consultant JP                    Page 5 of 5

DocuSign Envelope ID: 08CB354A-359B-447B-B79B-BEBD3409EF92

## BUYER'S BROKER REPRESENTATION AGREEMENT



This BUYER'S BROKER REPRESENTATION AGREEMENT, entered into on the 16th day of January of 2020, is by and between the following parties:

Buyer:

Name: Foundation Auto Corp c/o Charles H. Kramer Jr. _____ (the "Buyer")
Address: 520, 2424 4th Street SW _____
City, State, Zip: Calgary, AB _____
Phone: C: (832) 519-6338 _____ Fax: _____
E-Mail: chuckk@foundationauto.com _____

Consultant:

Name: THE Search Firm _____ (the "Consultant")
Address: 471 PR 8556 _____
City, State, Zip: Winnsboro, TX 75494 _____
Phone: (972) 200-3400 _____ Fax: (888) 848-0915 _____
E-Mail: Poucher@AutomotiveBuySell.com _____

WHEREAS, Buyer desires to engage Consultant's services and to grant to Consultant the non-exclusive right to act as Buyer's representative and Consultant in connection with Buyer's possible acquisition of automobile dealerships ("Targets"), through the purchase of assets or equity interests, partnership, or joint venture arrangement, or other arrangements, as well as the acquisition or lease of a Target's related real estate.

WHEREAS, Consultant is willing to provide such services to Buyer pursuant to the terms and conditions contained in this Agreement.

NOW, THEREFORE, for the premises, agreements, terms and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Buyer and Consultant hereby agree to the following:

1. Engagement. Buyer hereby engages Consultant to identify Targets that may be available to Buyer to buy-in, buy-out, participate in a partnership arrangement; obtain an assignment or sale of a manufacturer's "Letter of Intent", purchase of assets, acquisition of equity interests, or similar transaction that results in Buyer's ownership or control of the Target's business operations. Buyer acknowledges that Consultant represents other prospective buyers seeking to acquire automobile dealerships that may be of interest to Buyer, and Buyer agrees that Consultant may, during the term of this Agreement and thereafter, represent such other parties and present to the other parties the same Targets that Consultant presents to Buyer. Buyer may also use other Brokers to acquire other dealerships before, during and after the expiration of this agreement.

2. Representations.

   A. Each person signing this agreement represents that the person has the legal capacity and authority to bind the respective party to this agreement.

Initialed for Identification by Buyer _____ and Consultant _____ JRP

Page 1 of 5

DocuSign Envelope ID: 08CB2E4A-359B-447B-B79B-BEBD34095F98

## BUYER'S BROKER REPRESENTATION AGREEMENT

B. Buyer represents that Buyer is not now a party to another buyer or tenant representation agreement with another Consultant for the acquisition of ownership or control of a Target's business operations. Buyer currently is working with other Brokers, but will not engage another Broker on any Target brought to the Buyer by Consultant.

C. Buyer represents that all information relating to Buyer's ability to acquire ownership or control of a Target's business operations is true and correct.

3. Competing Buyers. Buyer acknowledges that Consultant may represent other prospective buyers or tenants who may seek to acquire Targets that may be of interest to Buyer. Buyer agrees that Consultant may, during the term of this agreement and after it ends, represent such other prospects, show to the other prospects the same Targets that Consultant shows to Buyer, and act as Consultant for such other prospects in negotiating the acquisition of Targets that Buyer may seek to acquire.

4. Confidential Information. Buyer agrees that all information supplied to him by Consultant concerning a prospective Target shall be kept strictly confidential, because of its proprietary nature and the possible material harm that the Target could suffer if the information is disclosed. Buyer shall execute and deliver such confidentiality and/or non-disclosure agreements that a Target may reasonably require from Buyer. Consultant may not knowingly disclose information obtained in confidence from Buyer except as authorized by Buyer or required by law. Consultant may not disclose to Buyer any information obtained in confidence regarding any other person Consultant represents or may have represented except as required by law.

5. Consultant's Fees.

A. In connection with Buyer's acquiring a Target, Buyer shall pay Consultant a fee of Five and One-Half percent (5.5%) on the total sales price and/or other consideration given for a Target, as described in Section 5.D. hereof, or a minimum flat fee of Two Hundred and Fifty Thousand Dollars ($250,000.00) whichever is greater, and a maximum flat fee of One Million Dollars ($1,000,000.00) whichever is lesser, per deal, including real estate (where applicable) (the "Asset Fee"). This fee will be paid in full and upon closing or as described in Section 5.B. below.

B. Consultant's Asset Fee shall be identified in any definitive agreement with a Target ("Acquisition Agreement") as payable at any closing thereunder. Buyer shall notify Consultant of the closing related to any Target (a "Closing") upon the determination of the date for such Closing. Consultant's Asset Fee shall be payable in cash or immediately available funds to Consultant upon (i) Closing, (ii) the assumption of management of the Target's business other occupancy of the Target's premises by Buyer, Buyer's assignees or Buyer's representatives (collectively, "Buyer Parties", or individually, a "Buyer Party"), or (iii) pursuant to any other provision of this Agreement. Any money received by a Target or its affiliate, directly or indirectly, from a Buyer Party, shall also be deemed a Closing, and Consultant shall be paid in full at that time all of its Asset Fee.

Initialed for Identification by Buyer _____ and Consultant _____ *JRP*

Page 2 of 5

## BUYER'S BROKER REPRESENTATION AGREEMENT

C.  If, during the term of this Agreement or within twenty-four (24) months thereafter (the "Protection Period"), any Buyer Party purchases any interest in a Target brought to by the Consultant or its assets (in whole or in part), or provides management services to a Target, then Buyer agrees to pay to Consultant the Asset Fee under this Agreement. If a manufacturer acquires a Target identified by Consultant and Buyer becomes a partner in or is granted any type of ownership position or opportunity for ownership in such Target's dealership operations within the Protection Period, Consultant shall be entitled to its Asset Fee and payment provisions described above shall apply.

D.  When any Acquisition Agreement is signed by both Buyer and a Target, an escrow agent reasonably acceptable to Consultant shall be appointed to receive any deposit required of Buyer under the Acquisition Agreement, and a complete copy of this Agreement will be furnished to such escrow agent. The payment of all of Consultant's Asset Fee shall be provided for in all Acquisition Agreements and the corresponding Closing documents, with the payment in full of Consultant's Asset Fee being a condition to the Closing, including the settlement of escrow. If the referenced agreements and documents do not include said information, then Buyer shall be responsible for all compensation owed to Consultant under this Agreement.

E.  The total sales price, for purposes of calculating the Consultant's Asset Fee, shall be the true value of all assets being conveyed (other than new vehicle inventory and/or used vehicle inventory), including good will and/or "blue sky," customer sales and/or services lists or files, and any other benefits paid to, afforded or conferred upon the Target; such as, deferred compensation, management, Consultant, or non-compete agreements, payments of any out-of-trust condition, repayment of any loans to the Target or such affiliate, or any other debts paid by Buyer for the benefit of Target, which are necessary to close the transaction.

6.  <u>Mediation</u>. The parties agree to negotiate in good faith in an effort to resolve any dispute that may arise related to this Agreement or any transaction related to or contemplated by this Agreement. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator.

7.  <u>Default</u>. If either party fails to comply with this Agreement or makes a false representation in this Agreement, the non-complying party is in default. If Buyer is in default, Buyer will be liable for the amount of compensation that Consultant would have received under this Agreement if Buyer was not in default. If Consultant is in default, Buyer may exercise any remedy at law.

8.  **LIMITATION OF LIABILITY: <u>Neither Consultant nor any other Consultant, or their associates, is responsible or liable for Buyer's personal injuries or for any loss or damage to Buyer's property that is not caused by Consultant. Buyer will hold Consultant, any other Consultant, and their associates, harmless from any such injuries or losses. Buyer will indemnify Consultant against any claims for injury or damage that Buyer may cause to others or their property.</u>**

Initialed for Identification by Buyer _____ and Consultant _____ *JRP*

DocuSign Envelope ID: 08CB254A-259B-447B-B79B-BFBD3409EF92



## BUYER'S BROKER REPRESENTATION AGREEMENT

9.   Additional Agreements, Provisions, and Notices.

A.   The covenants, mutual agreements, terms and conditions contained in this Agreement, including, without limitation, Buyer's obligations to pay Consultant its compensation, are binding upon and inure to the benefit of each party's heirs, administrators, executors, successors, and assigns.

B.   If Buyer does not enter into an Acquisition Agreement under this Agreement, but an affiliate of Buyer enters into an Acquisition Agreement with a Target that Consultant brings to Buyer's attention, Consultant will be entitled to all compensation under this Agreement as if Buyer was the acquiring party to such Acquisition Agreement. "Affiliate" means, without limitation, any assignee of Buyer, any family member or relation of Buyer, any officer, director, or partner of Buyer, any entity owned or controlled, in whole or part, by Buyer, and any entity that owns or controls Buyer, in whole or part.

C.   Consultant does not guarantee that Buyer will acquire a Target by entering into this Agreement. However, if Buyer informs a third party about any Target, Buyer will be responsible for Consultant's Asset Fee as provided for herein in the event that the third party, the third party's agent, or someone else who has received the information by reason of Buyer's disclosure, acquires the Target, the Target's business, or real estate related thereto.

D.   Texas law governs the interpretation, validity, performance, and enforcement of this agreement. Venue for any legal proceeding shall lie exclusively in the courts of Dallas, Dallas County, Texas.

E.   If a court finds any clause in this Agreement invalid or unenforceable, the remainder of this Agreement will not be affected and all other provisions of this Agreement will remain valid and enforceable.

F.   If Buyer or Consultant is a prevailing party in any legal proceeding brought as a result of a dispute under this agreement or any transaction related to or contemplated by this agreement, such party will be entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

G.   Consultant assumes no responsibility for the accuracy, usability, or reliability of any financial statements or other information furnished by or received from any Target its accountants, Consultants, attorneys, representatives, or other sources. Buyer further agrees to indemnify and hold Consultant, its officers, directors, employees, associates, agents, heirs, and family members harmless of any and all claims arising from this Agreement or any Acquisition Agreement.

H.   This Agreement remains in full force and effect until the earlier of (a) ten business days after either party notifies the other party, in writing, that it wishes to terminate this Agreement; or (b) one year from the date hereof. In the event of the termination of this Agreement for any reason, Buyer shall continue to be bound by the terms of Sections 4 and 5.C. above.

Initialed for Identification by Buyer ____ and Consultant ____  _JRP_                     Page 4 of 5



# BUYER'S BROKER REPRESENTATION AGREEMENT

I.   This Agreement contains the entire agreement of the parties and may not be changed except by written agreement.

J.   Neither party may assign this Agreement without the written consent of the other party.

K.   Notices between the parties must be in writing and are effective when sent to the receiving party's address, fax, or e-mail specified in the introductory paragraph of this Agreement.

L.   Consultant's fees and fees between Consultants are not fixed, controlled, recommended, or suggested by the Texas Association of REALTORS®, its local affiliates, or any listing service. Consultant's fees are negotiable.

M.   Consultant's services are made available without regard to race, color, religion, national origin, sex, disability, or familial status. Local ordinances may provide for additional protected classes.

N.   Consultant is not a property inspector, surveyor, engineer, or environmental assessor. Buyer should seek experts to render such services for any property Buyer seeks to acquire.

O.   If Buyer purchases property, Buyer should have an abstract covering the property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

P.   Consultant cannot give legal advice. This is a legally binding agreement. READ IT CAREFULLY. If you do not understand the effect of this agreement, consult your attorney BEFORE signing.

UNDERSTOOD AND AGREED THIS __15__ DAY OF __January__ 2020.

CONSULTANT: THE Search Firm                    BUYER: Foundation Auto Corp

By: _Jason Rey Poucher_                         By: _(signature)_
Name: Jason R. Poucher                          Name: Charles H. Kramer Jr.
Title: President/CEO                            Title: Chief Operating Officer/Vice President
License No.: 0548320

Initialed for Identification by Buyer ___ and Consultant ___ JRP

Page 5 of 5

www.getTHEsearchfirm.com
office :: 972/200-3400 : fax :: 888/848-0915

MAR 0 9 2026

# Tab 6

FILED
3/27/2026 2:56 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

## CAUSE NO. DC-26-03483

| | | |
|---|---|---|
| **DEALER SUPPORT NETWORK, LLC** | § § § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § § | |
| **V.** | § § § | |
| | § | **162nd JUDICIAL DISTRICT** |
| **FOUNDATION AUTOMOTIVE CORPORATION AND FOUNDATION AUTOMOTIVE US CORPORATION,** | § § § § § | |
| **DEFENDANTS.** | § | **DALLAS COUNTY, TEXAS** |

---

### DEFENDANT FOUNDATION AUTOMOTIVE CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S INITIAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Foundation Automotive Corp., incorrectly sued as "Foundation Automotive Corporation" ("Foundation") files this Answer and Affirmative Defenses to Plaintiff Dealer Support Network, LLC's ("Plaintiff" or "DSN") Initial Petition (the "Petition"), and sets forth its defenses and affirmative defenses, respectfully pleading as follows.

### I.    GENERAL DENIAL

1.    As authorized by Texas Rule of Civil Procedure 92, Foundation enters a general denial of each and every, all and singular, material allegation as set forth in the Petition, and demands strict proof thereof by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas. Foundation respectfully requests that it be allowed to plead further and additional defenses in this cause as the facts surrounding this matter may develop.

FOUNDATION'S ANSWER – PAGE 1

## II.    AFFIRMATIVE DEFENSES

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3.    Plaintiff fails to state a cause of action upon which relief may be granted.

4.    Plaintiff's claims are barred, in whole or in part, by contract.

5.    Plaintiff's claims are barred, in whole or in part, due to Plaintiff' own actions, failure to act, and/or legal fault.

6.    Plaintiff's claims are barred, in whole or in part, for lack and/or failure of consideration

7.    Plaintiff's claims are barred, in whole or in part, due to the fact that Foundation does not owe any legal duties, nor has Foundation breached any legal duties, to Plaintiff as a matter of law.

8.    Plaintiff's claims are barred, in whole or in part, as a result of the acts and/or omissions of third-parties over whom Foundation had no control or authority and/or for whose acts Foundation is not responsible.

9.    Plaintiff's claims are barred, in whole or in part, for failure to meet conditions precedent.

10.    Plaintiff's alleged injuries and/or damages sought could have been avoided or mitigated.

11.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and/or estoppel.

12.    Plaintiff is not entitled to attorney's fees and/or costs.

## III.    RULE 193.7 NOTICE

13.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Foundation hereby gives actual notice to DSN that any and all documents produced by DSN may be used at any pretrial proceeding and/or any trial of this matter without the necessity of authenticating the documents.

## IV.    RESERVATION

14.    Foundation expressly reserves the right to amend or supplement its Answer and Affirmative Defenses to Plaintiff's Petition, to assert other and further defenses, counterclaims, cross-claims, and/or third-party claims as may be warranted.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Foundation denies the claims asserted by Plaintiff and respectfully requests that Plaintiff be awarded nothing. Foundation Automotive further prays for all other relief to which it is entitled.

Dated: March 27, 2026.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*
George G. Robertson
Texas Bar No. 24106352
811 Main Street, Suite 2500
Houston, Texas 77002-5227
Telephone:  (713) 821-7000
Facsimile:  (713) 821-7001
george.robertson@hklaw.com

Jordan T. Koenig
Texas Bar No. 24121702
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone:  214-969-1700
Facsimile:  214-969-1751
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR THE DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument has been served on all parties of record on March 27, 2026, via the Court's E-File Service in accordance with Texas Rule of Civil Procedure 21.


*/s/ Jordan T. Koenig*
Jordan T. Koenig

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Diana Miranda on behalf of George Robertson
Bar No. 24106352
diana.miranda@hklaw.com
Envelope ID: 112969846
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 3/28/2026 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nicholas HughParks | | nhparks@gmail.com | 3/27/2026 2:56:19 PM | SENT |
| George Robertson | | george.robertson@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Jordan Koenig | | jordan.koenig@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Wanda Sneed | | wanda.sneed@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Diana Miranda | | diana.miranda@hklaw.com | 3/27/2026 2:56:19 PM | SENT |

# Tab 7

FILED
3/27/2026 2:56 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

## CAUSE NO. DC-26-03483

| | | |
|---|---|---|
| DEALER SUPPORT NETWORK, LLC | § § § | IN THE DISTRICT COURT |
| PLAINTIFF, | § § | |
| V. | § § § | |
| FOUNDATION AUTOMOTIVE CORPORATION AND FOUNDATION AUTOMOTIVE US CORPORATION, | § § § § § | 162nd JUDICIAL DISTRICT |
| DEFENDANTS. | § § | DALLAS COUNTY, TEXAS |

---

### DEFENDANT FOUNDATION AUTOMOTIVE US CORP.'S RULE 91a MOTION TO DISMISS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Foundation Automotive US Corp., incorrectly sued as "Foundation Automotive US Corporation" ("Foundation US"), by and through undersigned counsel, and moves to dismiss the single breach-of-contract claim asserted against it pursuant to Texas Rule of Civil Procedure 91a. In support, Foundation US shows this Honorable Court as follows:

### I.    SUMMARY OF ARGUMENT

Plaintiff Dealer Support Network, LLC ("DSN") incorporates and attaches two (2) separate contracts to its Petition: a Buyer's Broker Representation Agreement dated September 20, 2018 (the "2018 Agreement"), and a Buyer's Broker Representation Agreement dated January 15, 2020 (the "2020 Agreement") (collectively the "Agreements"). In its Petition, DSN brings a breach of contract claim against each of Foundation US and Foundation Automotive Corp. ("Foundation"). Notably,

FOUNDATION US'S RULE 91A MOTION TO DISMISS – PAGE 1

however, the *only* parties to each of these Agreements is DSN and Foundation.[1] Indeed, Defendant Foundation US is *not a party* to either Agreement at issue in this lawsuit, and Plaintiff pleads no facts establishing privity or any other legally cognizable basis to hold nonparty Foundation US liable for breach any purported breaches of the Agreements. (*See* Pet. ¶¶ 8–10; Pet., Ex. A at 1, 6). DSN cannot maintain a breach of contract claim against Foundation US and, consequently, DSN's breach of contract claim against Foundation US should be dismissed. Foundation US further requests an award of attorneys fees and costs incurred in bringing this motion under Rule 91a.7.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

DSN filed a petition asserting a single cause of action for breach of contract against Foundation and Foundation US, based on the Agreements. (Pet. ¶¶ 8–10, 33–38). DSN attached these Agreements as Exhibit A to its Petition and are, thus, incorporated therein.

DSN alleges the Agreements governed DSN's role in identifying automotive dealership targets for acquisition and obligated the "Buyer" to pay an Asset Fee upon the successful completion of a purchase of a target identified by DSN, with fee mechanics, term, and a protection period described in the Agreements. (*See* Pet. ¶¶ 11–16). DSN further alleges that "Foundation"[2] acquired the "Patterson Dealerships" in 2022 without including fee provisions in acquisition documents or paying DSN, and that DSN was thereby damaged. (Pet. ¶¶ 17–32, 36–37).

The Agreements identify "Foundation Auto Corp" as the Buyer, and neither Agreement names or references "Foundation Automotive US Corporation" as a party, obligor, or guarantor. (*See generally* Pet., Ex. A). DSN's breach count includes the conclusory assertion that "Plaintiff and Defendants were party to multiple [Agreements]" but pleads no facts showing that Foundation US signed, was assigned, or otherwise became bound by the Agreements attached as Exhibit A. The only instance where DSN even tries to draw a relationship between Foundation and Foundation US is in

---

[1] The Agreements identify Foundation Automotive as "Foundation Auto Corp."

[2] DSN's Petition defines "Foundation" to include both Foundation and Foundation US.

the allegation that "Defendant Automotive US Corporation [sic] is a subsidiary of Defendant Foundation Automotive Corporation [sic]." (Pet. ¶ 4).

### III.    LEGAL STANDARD

Texas Rule of Civil Procedure 91a authorizes courts to dismiss causes of action that have no basis in law or fact. TEX. R. CIV. P. 91a.l. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The rule's "factual-plausibility standard is akin to a legal sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). "And, under the rule, a cause of action has no basis in law only if the plaintiff's allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Renate Nixdorf GmbH & C0. KG v. TRA Midland Props, LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App—Dallas Jan. 3, 2019), *reh'g denied* (Feb. 26, 2019), review denied (May 24, 2019) (citing TEX. R. CIV. P. 91a.1).

When deciding a Rule 91a Motion to Dismiss, the trial court must decide the motion based only on the pleadings, together with any exhibits permitted by Rule 59. *See* TEX. R. CIV. P. 91a.6; TEX. R. CIV. P. 59; *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 845-46 (Tex. App.—Dallas 2023, no pet.) ("the factual inquiry [pertaining to a Rule 91a motion] is restricted to reviewing the non-movant's pleading and any rule 59 exhibits that may be attached to and incorporated therein"). Although a plaintiff's factual allegations are taken as true, the same deference is not afforded to a plaintiff's legal conclusions or conclusory statements. *In re Wood Group PSN Inc.*, 04-18-00418-CV, 2018 WL 4760139, at *4 (Tex. App—San Antonio Oct. 3, 2018, no pet. h.).

### IV.    ARGUMENT AND CITATION OF AUTHORITIES

DSN's breach-of-contract claim against Foundation US fails as a matter of law because the Petition and exhibits attached thereto establish no privity of contract between DSN and Foundation US.

FOUNDATION US'S RULE 91A MOTION TO DISMISS – PAGE 3

Texas law permits a breach-of-contract claim only against a party to the contract or a third-party beneficiary. *Allan v. Nersesova*, 307 S.W.3d 564, 571 (Tex. App.—Dallas 2010, no pet.) ("To have standing to bring a suit for breach of contract, the plaintiff must either be in privity of contract with the defendant or be a third-party beneficiary entitled to enforce the contract."); *see also Mustang Park Owners Ass'n, Inc. v. Lumley,* No. 02-22-00192-CV, 2024 WL 3897116, at *5 (Tex. App.—Fort Worth Aug. 22, 2024, no pet.) ("[A]s a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract."). Courts presume that contracts are made for the parties themselves, and only a clear expression in the contract of an intent to benefit a third party overcomes that presumption. *First Bank v. Brumitt*, 519 S.W.3d 95, 103 (Tex. 2017).

Here, DSN has sued Foundation US for breach of the two Agreements. But those Agreements identify "Foundation Auto Corp" as the Buyer and do not name Defendant Foundation US, at all. (Pet. ¶¶ 8–10; Pet., Ex. A at 1, 6). Further, the Petition contains no factual allegations that Foundation US signed the Agreements, that DSN and Foundation US entered into any separate agreement, or that Foundation US is a third-party beneficiary to Agreements. Because the only contracts pleaded and attached do not include Foundation US as a party and because Texas law restricts breach liability to contracting parties or true third-party beneficiaries, DSN's breach claim against Foundation US has no basis in law on the face of the pleadings and exhibits. *See Allan*, 307 S.W.3d at 571; *Mustang Park*, 2024 WL 3897116, at *5. At bottom, DSN cannot bring a breach of contract claim against a non-party to the contract.

Finally, Rule 91a.7 provides that "the court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." Due to the fact that Foundation US has had to engage attorneys to pursue a Rule 91a motion to dismiss based on hornbook breach of contract law, Foundation US respectfully requests an award of attorneys fees and costs incurred in bring such a motion as authorized by Rule 91a.7.

**FOUNDATION US'S RULE 91A MOTION TO DISMISS – PAGE 4**

## V.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Foundation Automotive US Corp. respectfully requests that this Honorable Court grant this Motion and dismiss with prejudice the breach-of-contract claim asserted against Foundation US, and award Foundation US its costs and attorney's fees incurred in preparing and bringing this motion under Rule 91a.7. Foundation US further requests that the Court grant such other and further relief to which Foundation US may be justly entitled.

Dated: March 30, 2026.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*
George G. Robertson
Texas Bar No. 24106352
811 Main Street, Suite 2500
Houston, Texas 77002-5227
Telephone:  (713) 821-7000
Facsimile:  (713) 821-7001
george.robertson@hklaw.com

Jordan T. Koenig
Texas Bar No. 24121702
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone:  214-969-1700
Facsimile:  214-969-1751
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR THE
DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served on all parties of record on March 27, 2026, via the Court's E-File Service in accordance with Texas Rule of Civil Procedure 21.

*/s/ Jordan T. Koenig*
Jordan T. Koenig

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Diana Miranda on behalf of George Robertson
Bar No. 24106352
diana.miranda@hklaw.com
Envelope ID: 112969846
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 3/28/2026 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas HughParks | | nhparks@gmail.com | 3/27/2026 2:56:19 PM | SENT |
| George Robertson | | george.robertson@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Jordan Koenig | | jordan.koenig@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Wanda Sneed | | wanda.sneed@hklaw.com | 3/27/2026 2:56:19 PM | SENT |
| Diana Miranda | | diana.miranda@hklaw.com | 3/27/2026 2:56:19 PM | SENT |

# Tab 8



## IN THE 162ND JUDICIAL DISTRICT COURT
## OF DALLAS COUNTY

4/1/2026

FOUNDATION AUTOMOTIVE CORPORATION
2424 4TH STREET SW #520
CALGARY ALBERTA T2S 2T4
CANADA

### NOTICE OF SCHEDULING CONFERENCE HEARING

Cause No. DC-26-03483

| | |
|---|---|
| DEALER SUPPORT NETWORK, LLC<br>vs.<br>FOUNDATION AUTOMOTIVE CORPORATIONet al | In the District Court<br>of Dallas County, Texas<br>162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **06/08/2026 at 2:00 p.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing. The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
      Level 1: 6-10 months out from the date of initial filing of the case.
      Level 2: 12-15 months out from the date of initial filing of the case.
      Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order.** If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

4/1/2026

GEORGE GOSTIN ROBERTSON
811 Main St Ste 2500
Houston TX  77002-6129

## NOTICE OF SCHEDULING CONFERENCE HEARING

CAUSE No. DC-26-03483

| | |
|---|---|
| DEALER SUPPORT NETWORK, LLC<br>vs.<br>FOUNDATION AUTOMOTIVE CORPORATIONet al | In the District Court<br>of Dallas County, Texas<br>162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **06/08/2026 at 2:00 p.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing.  The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
> Level 1: 6-10 months out from the date of initial filing of the case.
> Level 2: 12-15 months out from the date of initial filing of the case.
> Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order.** If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

4/1/2026

NICHOLAS HUGH PARKS
THE PARKS LAW FIRM PC
PO  BOX 200
SHANNON AL  35142

**NOTICE OF SCHEDULING CONFERENCE HEARING**

CAUSE NO. DC-26-03483

| | |
|---|---|
| DEALER SUPPORT NETWORK, LLC<br>vs.<br>FOUNDATION AUTOMOTIVE CORPORATIONet al | In the District Court<br>of Dallas County, Texas<br>162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **06/08/2026 at 2:00 p.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

*The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing.  The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.*

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
      Level 1: 6-10 months out from the date of initial filing of the case.
      Level 2: 12-15 months out from the date of initial filing of the case.
      Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order.** If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

4/1/2026

File Copy

**NOTICE OF SCHEDULING CONFERENCE HEARING**

CAUSE NO. DC-26-03483

| | |
|---|---|
| DEALER SUPPORT NETWORK, LLC<br>vs.<br>FOUNDATION AUTOMOTIVE CORPORATIONet al | In the District Court<br>of Dallas County, Texas<br>162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **06/08/2026 at 2:00 p.m**. in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

*The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing. The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.*

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
　　　　Level 1: 6-10 months out from the date of initial filing of the case.
　　　　Level 2: 12-15 months out from the date of initial filing of the case.
　　　　Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order**. If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Kim Bailey Phipps
Presiding Judge

# Tab 9

FILED
4/7/2026 10:12 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
John Bailey DEPUTY

CAUSE NO. DC-26-03483

| | | |
|---|---|---|
| DEALER SUPPORT NETWORK, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | 162nd JUDICIAL DISTRICT |
| FOUNDATION AUTOMOTIVE CORPORATION AND FOUNDATION AUTOMOTIVE US CORPORATION, | § § § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Court will hear Defendant Foundation Automotive US Corp.'s Rule 91a Motion to Dismiss at 1:00 p.m. on **Thursday, May 7, 2026**, in the 162nd Judicial District Court of Dallas County, Texas. The hearing will be held **in person**.

Dated: April 7, 2026

**Order – Page 1**

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*
George G. Robertson
Texas Bar No. 24106352
811 Main Street, Suite 2500
Houston, Texas 77002-5227
Telephone: (713) 821-7000
Facsimile: (713) 821-7001
george.robertson@hklaw.com

Jordan T. Koenig
Texas Bar No. 24121702
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214-969-1700
Facsimile: 214-969-1751
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR THE
DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served on all parties of record on April 7, 2026 via the Court's E-File Service in accordance with Texas Rule of Civil Procedure 21.

*/s/ Jordan T. Koenig*
Jordan T. Koenig

**Order – Page 2**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Wanda Sneed on behalf of George Robertson
Bar No. 24106352
wanda.sneed@hklaw.com
Envelope ID: 113320274
Filing Code Description: Notice Of Hearing / Fiat
Filing Description: MOTION TO DISMISS
Status as of 4/7/2026 11:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Diana Miranda | | diana.miranda@hklaw.com | 4/7/2026 10:12:02 AM | SENT |
| George Robertson | | george.robertson@hklaw.com | 4/7/2026 10:12:02 AM | SENT |
| Jordan Koenig | | jordan.koenig@hklaw.com | 4/7/2026 10:12:02 AM | SENT |
| Nicholas HughParks | | nhparks@gmail.com | 4/7/2026 10:12:02 AM | SENT |
| Wanda Sneed | | wanda.sneed@hklaw.com | 4/7/2026 10:12:02 AM | SENT |

# Tab 10

FILED
4/28/2026 8:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
John Bailey DEPUTY

**CAUSE No.   DC-26-03483**

**STATE OF TEXAS**

| | | |
|---|---|---|
| Dealer Support Network, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | IN THE DISTRICT COURT OF |
| v. | ) | DALLAS COUNTY |
| | ) | |
| Foundation Automotive Corporation and | ) | 162ND  JUDICIAL DISTRICT |
| | ) | |
| Foundation Automotive US Corporation, | ) | DALLAS COUNTY, TEXAS |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**NOTICE OF NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT**

**FOUNDATION AUTOMOTIVE US CORPORATION**

Pursuant to Texas Rule of Civil Procedure 162, Plaintiff Dealer Support Network, LLC, by and through their undersigned counsel, hereby gives notice of nonsuit without prejudice against the Defendant Foundation Automotive US Corporation.

Dated:  April 28, 2026

Respectfully submitted,

/s/ Nicholas Parks
Nicholas Parks
Attorney for Defendant
The Parks Law Firm, PC
PO Box 200
Shannon, AL 35142
Tel:     214-991-2642
Fax:     214-441-6425
Email:  nhparks@gmail.com
Texas Bar No. : 24058032

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2025, the foregoing was filed with the Clerk of Court using the EFileTexas system, which will send notification of such filing to all counsel of record.

/s/ Nicholas H. Parks

Nicholas Parks

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicholas Parks on behalf of Nicholas Parks
Bar No. 24058032
nhparks@gmail.com
Envelope ID: 114232530
Filing Code Description: Notice Of Nonsuit
Filing Description: WITHOUT PREJUDICE AS TO DEFENDANT FOUNDATION AUTOMOTIVE US CORPORATION
Status as of 4/29/2026 9:06 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Diana Miranda | | diana.miranda@hklaw.com | 4/28/2026 8:48:52 PM | SENT |
| George Robertson | | george.robertson@hklaw.com | 4/28/2026 8:48:52 PM | SENT |
| Jordan Koenig | | jordan.koenig@hklaw.com | 4/28/2026 8:48:52 PM | SENT |
| Nicholas HughParks | | nhparks@gmail.com | 4/28/2026 8:48:52 PM | SENT |
| Wanda Sneed | | wanda.sneed@hklaw.com | 4/28/2026 8:48:52 PM | SENT |

# Tab 11

FILED
5/5/2026 1:16 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
John Bailey DEPUTY

**CAUSE NO. DC-26-03483**

| | | |
|---|---|---|
| DEALER SUPPORT NETWORK, LLC | § § § | IN THE DISTRICT COURT |
| PLAINTIFF, | § § | |
| V. | § § | |
| | § | 162nd JUDICIAL DISTRICT |
| FOUNDATION AUTOMOTIVE CORPORATION AND FOUNDATION AUTOMOTIVE US CORPORATION, | § § § § | |
| | § | |
| DEFENDANTS. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT FOUNDATION AUTOMOTIVE US CORP.'S
NOTICE OF WITHDRAWAL OF RULE 91a MOTION TO DISMISS**

---

You are notified that Foundation Automotive US Corporation hereby withdraws its 91a Motion to Dismiss (the "Motion"). The Motion is withdrawn in light of Plaintiff's Notice of Nonsuit Without Prejudice as to Defendant Foundation Automotive US Corporation filed on April 28, 2026. Accordingly, the hearing on the Motion previously set on Thursday, May 7, 2026 at 1:00 p.m., has been passed.

Dated: May 5, 2026

1

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*

George G. Robertson
Texas Bar No. 24106352
811 Main Street, Suite 2500
Houston, Texas 77002-5227
Telephone:  (713) 821-7000
Facsimile:  (713) 821-7001
george.robertson@hklaw.com

Jordan T. Koenig
Texas Bar No. 24121702
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone:  214-969-1700
Facsimile:  214-969-1751
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR THE
DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing instrument has been served on all parties of record on May 5, 2026, via the Court's E-File Service in accordance with Texas Rule of Civil Procedure 21.

*/s/ Jordan T. Koenig*

Jordan T. Koenig

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Wanda Sneed on behalf of Jordan Koenig
Bar No. 24121702
wanda.sneed@hklaw.com
Envelope ID: 114498793
Filing Code Description: Motion - Withdraw Misc
Filing Description: DEFENDANT FOUNDATION AUTOMOTIVE US CORP.'S NOTICE OF WITHDRAWAL OF RULE 91a MOTION TO DISMISS
Status as of 5/6/2026 8:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Diana Miranda | | diana.miranda@hklaw.com | 5/5/2026 1:16:50 PM | SENT |
| George Robertson | | george.robertson@hklaw.com | 5/5/2026 1:16:50 PM | SENT |
| Jordan Koenig | | jordan.koenig@hklaw.com | 5/5/2026 1:16:50 PM | SENT |
| Nicholas HughParks | | nhparks@gmail.com | 5/5/2026 1:16:50 PM | SENT |
| Wanda Sneed | | wanda.sneed@hklaw.com | 5/5/2026 1:16:50 PM | SENT |